**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiff and the putative FLSA Collective*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ZESHAN JAVED, Individually and on Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>-against-<br><br>**GHAZI ASSOCIATES INC., CHAUDHRY JALIL AHMAD, Jointly and Severally,**<br><br>Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Zeshan Javed ("Javed" or "Plaintiff"), individually and on behalf of all others similarly situated, as collective representative, upon personal knowledge as to himself and upon information and belief and the investigation of his attorneys as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.  Plaintiff worked as a counter employee for two (2) of Defendants' Dunkin' Donuts restaurants located in Kings County, New York. Pursuant to Defendants' corporate pay scheme, Plaintiff was paid at straight-time hourly rates for all hours worked, including overtime hours. As

1

such, Plaintiff was not paid overtime premiums of one and one-half (1.5) times his regular hourly rate for hours worked over forty (40) in a given workweek.

2. Plaintiff brings this action to recover unpaid overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiff also brings claims for failure to provide proper wage notices and wage statements, pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3. Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself and all individuals who join the action pursuant to the FLSA (the "Opt-in Plaintiffs").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. On March 20, 2020, New York Governor Andrew M. Cuomo signed Executive Order 202.8 in an effort to stem the spread of COVID-19, which tolls the thirty (30) days "any specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under New York State laws or court procedural rules. The thirty

(30)-day tolling period began on March 20, 2020 and continue until April 19, 2020. On April 7, 2020, Governor Cuomo signed Executive Order 202.14, which extended the tolling period to May 7, 2020. Subsequently, on May 7, 2020, Governor Cuomo issued Executive Order 202.28, tolling all statutes of limitations for an additional thirty (30) days through June 6, 2020. June 6, 2020. On June 6, 2020, Governor Cuomo issued Executive Order 202.38, tolling all statutes of limitations until July 6, 2020. On July 7, 2020, Governor Cuomo issues Executive Order 202.48 tolling all statutes of limitations until August 5, 2020, Governor Cuomo issued Executive Order 202.55, which tolled all statutes of limitations until September 4, 2020. On September 4, 2020, Governor Cuomo signed Executive Order 202.60, which extended the tolling period an additional thirty (30) days to October 4, 2020, Governor Cuomo issued Executive Order 202.67, which extended the tolling period to November 3, 2020. In total, the Executive Orders set forth herein provided for a tolling of the statute of limitations of two hundred and twenty-eight (228) days.

**Plaintiff:**

8. <u>Plaintiff Zeshan Javed</u> has been, at all relevant times, an adult individual residing in Kings County, New York.

9. From approximately July 15, 2013 to in or around December 2020, Plaintiff performed work for Defendants at their "Dunkin' Donuts" restaurant located at 407 Avenue P, Brooklyn, NY 11223. Thereafter, from in or around December 2020 through on or about December 11, 2021, Plaintiff performed work for Defendants at their "Dunkin'" restaurant located at 418 Avenue P, Brooklyn, NY 11223.

10. Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

**Defendants:**

11. Upon information and belief, Ghazi Associates Inc. ("Ghazi" or the "Corporate Defendant") was, at all relevant times, an active New York Corporation doing business as "Dunkin' Donuts," with its principal place of business in Kings County, New York.

12. Upon information and belief, Chaudhry Jalil Ahmad ("Ahmad" or the "Individual Defendant" and collectively with the Corporate Defendant, the "Defendants") is an owner and operator of the Corporate Defendants.

13. Upon information and belief, Ahmad set the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

14. Ahmad participated in the day-to-day operations of the Corporate Defendant and acted intentionally in his direction and control of Plaintiff and putative collective action members, and is an "employer" pursuant to FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations hereunder, and is jointly and severally liable with the Corporate Defendants.

15. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

16. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

17. At all relevant times, Plaintiff and the opt-in plaintiffs were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

18. Upon information and relief, at all relevant times, the Corporate Defendant has had gross revenue in excess of $500,000.00.

19. All actions and omissions described in this complaint were made by Defendants directly or through their supervisory employees and agents.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since March 15, 2019, and through the entry of judgment in this case (the "Collective Action Period") who worked as hourly employees (the "Collective Action Members").

21. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of forty (40) hours per week.

22. Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## STATEMENT OF FACTS

**Defendants' Business Enterprise**

23. At all relevant times, Defendants have been in the fast-food franchise restaurant business.

24. Upon information and belief, during the relevant time period, Defendants have owned, operated and managed approximately five (5) Dunkin' Donuts locations through the Corporate Defendants.

25. Upon information and belief, the Individual Defendant is the sole owner and operator of all the franchise restaurant locations owned by Ghazi.

26. Upon information and belief, Defendants maintain a corporate headquarters at their 407 Avenue P, Brooklyn, NY 11223, whereby they handle the payroll processing and operations and operations for all of the Corporate Defendant's restaurant locations.

**Plaintiff's Work for Defendants**

27. Plaintiff Javed was employed by Defendants as a counter employee from in or around July 2013 through December 11, 2021 (the "Javed Employment Period").

28. From the beginning of the Javed Employment Period until in or around December 2020, Plaintiff worked for Defendants on a full-time basis as a counter employee. During this time period, Plaintiff worked approximately fifty (50) to sixty (60) hours per week. Specifically, Plaintiff typically worked six (6) days per week, and sometimes seven (7) days per week, from approximately 11:00 pm to approximately 7:00 am, and sometimes later. In or around June 2021, Javed's typical working hours changed to approximately 10:00 pm to approximately 6:00 am, and sometimes later. From the beginning of the relevant time period to around December 2020, Plaintiff was unable to take breaks. After December 2020, Plaintiff was able to take one twenty (20) to thirty (30) minute break per shift.

29. For his work, throughout the Javed Employment Period, Plaintiff was paid on an hourly basis. From the beginning of the Javed Employment Period through the end of 2014, Plaintiff was paid $8.00 per hour. Throughout 2015, Plaintiff was paid $8.75 per hour. Throughout 2016, Plaintiff was paid $10.50 per hour. Throughout 2017, Plaintiff was paid $12.00 per hour. Throughout 2018, Plaintiff was paid $13.50 per hour. Beginning in or around January 2019, through the remainder of the Javed Employment Period, Plaintiff was paid $15.00 per hour.

30. Throughout the Javed Employment Period, Plaintiff was always paid his wages with a check on a weekly basis each Friday. Although it appeared on the paycheck that Plaintiff was receiving overtime premium pay at one and one-half (1.5) times his regularly hourly rate for hours worked over forty (40) each week, there were always a significant number of hours "missing" from his payment each pay period such that Plaintiff did not receive overtime premium pay for all of his hours worked over forty (40) each week. In other words, Defendants would reduce the number of hours worked by Plaintiff in order to pay the equivalent of Plaintiff's straight-time hourly rate for all hours, rather than time and a half for all hours worked over 40 each week.

31. On one occasion, Plaintiff complained to his manager, Waqar Chudhary ("Chudhury"), that he was not being paid for all hours that he was working and Chudhary explained that the company method of payment was in an effort to avoid paying overtime premiums.

32. Although Plaintiff received a paystub with his paycheck each pay period, his paystub did not reflect the correct number of hours that he worked each pay period.

33. Although Plaintiff typically worked well in excess of forty (40) hours per week, he never received the overtime premium pay for all of the hours he worked in excess of forty (40) hours in a given workweek.

34. Plaintiff has spoken with other hourly employees of Defendants, who were similarly required to work in excess of forty (40) hours per week during the Collective Action Period and similarly did not receive overtime premium pay for hours worked over forty (40) per workweek.

35. Defendants' failure to pay Plaintiff and Collective Action Members overtime premium pay was a corporate policy of Defendants, which applied to all of their employees during the relevant period.

36. At no point during Plaintiff's employment did he receive a wage notice showing his hourly or overtime rate at the date of his hiring or by February 1 of each year.

**Defendants' Unlawful Corporate Policies**

37. Defendants' failure to pay Plaintiff and Collective Action Members overtime compensation of one and one-half (1.5) times their regular hourly rate for hours over forty (40) each week was a corporate policy of Defendants, which applied to all of their hourly employees throughout the relevant period.

38. Plaintiff and the Collective Action Members were all paid pursuant to the same corporate policies of Defendants, including paying all hours at or around straight-time rates.

39. Upon information and belief, throughout the Collective Action Period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

40. Defendants failed to provide employees with wage notice upon their hiring and with accurate wage statements as required by NYLL § 195.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT - UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

41. Plaintiff on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the proceeding paragraphs hereof with the same force and effect as though fully set herein.

42. By failing to pay overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 20 U.S.C. §§ 207(a)(1) and 215(a)(2).

43. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

44. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME
**(Brought on Behalf of Plaintiff and the Opt-in Plaintiffs)**

45. Plaintiff, on behalf of himself and the Opt-in Plaintiffs, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

46. Defendants willfully violated Plaintiff's and the Opt-in Plaintiffs' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

47. Defendants' failure to pay overtime premium compensation caused Plaintiff and the Opt-in Plaintiffs to suffer loss of wages and interest thereon. Plaintiff and the Opt-in Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, damages for

unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE
**(Brought on Behalf of Plaintiff and the Opt-in Plaintiffs)**

48.     Plaintiff, on behalf of himself and the Opt-in Plaintiffs, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

49.     Defendants have willfully failed to supply Plaintiff and the Opt-in Plaintiffs notice as required by Article 6, § 195(1), in English or in the language identified by Plaintiff and the Opt-in Plaintiffs as their primary language, containing Plaintiff's and Opt-in Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rates or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer, or any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

50.     Due to Defendant's violations of the NYLL, Plaintiff and the Opt-in Plaintiffs are entitled to recover from Defendant fifty dollars ($50) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS
### (Brought on Behalf of Plaintiff and the Opt-in Plaintiffs)

51. Plaintiff, on behalf of himself and the Opt-in Plaintiffs, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

52. Defendants have willfully failed to supply Plaintiff and the Opt-in Plaintiffs with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

53. Due to Defendant's violations of the NYLL, Plaintiff and the Opt-in Plaintiffs are entitled to recover from Defendant two hundred and fifty dollars ($250) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collection action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S..C. § 216(b)

    to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to the Collective Action Members;

b. An order tolling the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award for compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

f. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g. Fifty dollars ($50.00) per Plaintiff and each of the Opt-in Plaintiffs for each day that the violations of NYLL, Article 6 § 195(1) occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Opt-in Plaintiffs as provided for by NYLL, Article 6 § 198(1)-b;

h. Two hundred and fifty dollars ($250.00) per Plaintiff and each of the Opt-in Plaintiffs for each day that the violations of NYLL, Article 6 § 195(3) occurred or continue to

occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Opt-in Plaintiffs as provided for by NYLL, Article 6 § 198(1)-d;

i. An award of prejudgment and post-judgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
March 15, 2022

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff and the putative collective*

**Notice of Shareholder Liability for Services Rendered
Pursuant to § 630 of the Business Corporation Law of New York**

Pursuant to the provisions of § 630 of the Business Corporation Law of New York ("NYBCL"), the ten (10) largest shareholder of **GHAZI ASSOCIATES INC.** are hereby notified that the plaintiff in this matter, individually and on behalf of the putative FLSA collective he seeks to represent, intends to enforce your personal liability, as the ten (10) largest shareholders of **GHAZI ASSOCIATES INC.** and charge you with indebtedness of said corporations to the plaintiffs for services performed for the corporations as employees during the six (6) year period preceding the filing of the complaint.

Services for the above-referenced corporations concluded for Plaintiff within the past 180 days.

Dated: March 15, 2022

_____
Brent. E. Pelton

# CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Dunkin, and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

DocuSigned by:

_Zeshan Javed_
456Signature                                                        Zeshan Javed
                                                                    Printed Name

www.PeltonGraham.com